67    65
138a 314

THE PEOPLE OF THE STATE OF NEW YORK EX REL. FLAVIUS J. ALLEN, RESPONDENT, v. C. J. BADGLEY AND OTHERS, AS ASSESSORS OF THE TOWN OF POUGHKEEPSIE, APPELLANTS.

*Chapter* 269 *of Laws of* 1880 — *review of tax assessment — comparison of valuations.*

In a proceeding by *certiorari*, under chapter 269 of the Laws of 1880, to review a tax assessment, the court will change a valuation on property only where manifest injustice has resulted from the action of the assessors.

In such a proceeding the claim that an assessment upon the relator's property was unequal and out of proportion with that upon the bulk of the property, and much higher than upon other property upon the same tax-roll, involves primarily a question of fact, and the only question of law that can be raised thereon is whether the evidence is sufficient to bring the case within the terms of the statute.

It is not necessary that every piece of property in the same town be compared with the property, the assessment upon which is sought to be corrected, but the comparison should be made with the valuation of the surrounding property on the same roll.

APPEAL by the Assessors of the Town of Poughkeepsie from a judgment of the Supreme Court, entered in the office of the clerk of Dutchess county on the 17th day of October, 1892, upon the decision made at Special Term upon a trial, on evidence taken and reported by a referee, in a proceeding by *certiorari*, under chapter 269 of the Laws of 1880, to review an assessment upon the relator's real estate.

The property in question consisted of eight acres of land, with a dwelling-house and barn thereon, and was entered on the assessment-roll for 1892 as valued at $6,000. The Special Term found as facts that this assessment was out of proportion with the bulk of

the land in the town, and that the assessed value of said real estate of the relator was much higher than the other property, and, as a conclusion of law, that the assessment should be reduced to $4,500, and on this decision the judgment appealed from was entered.

*W. Farrington*, for the appellants.

*William R. Woodin*, for the respondent.

PRATT, J.:

This is a proceeding by *certiorari*, under chapter 269 Laws of 1880, to review the action of the assessors, so far as the assessment of the real estate of the relator is concerned.

The courts will not strain to find occasion to review and change the valuation set upon property by officers chosen for that purpose. It is only, therefore, where manifest injustice has resulted from the action of assessors, that any change will be made.

The statute, chapter 269, Laws of 1880, was passed to give a summary remedy to an aggrieved taxpayer. To review an assessment which is erroneous " by reason of over valuation, or is unequal in that the assessment has been made at a higher proportionate valuation than other real or personal property on the same roll by the same officers, and that the petitioner is or will be injured by such illegal, erroneous or unequal assessment."

In this case, the claim was that the assessment upon the relator's property was unequal and out of proportion with the bulk of property, and much higher than other property upon the same tax-roll.

That issue involved primarily a question of fact. The only question of law that can be raised is whether the evidence is sufficient to bring the case within the terms of the statute. Undoubtedly, the petitioner must produce sufficient proof to satisfy the court that his case fairly falls under the scope of the remedy which the statute provides.

There are various ways in which assessors estimate the value of property for the purposes of taxation, such as its cost, its earning capacity, or its desirability as residence property or as farming land ; each of these estimates are considered, and it is one of the difficulties to be encountered by the court in reviewing the action of assessors to ascertain accurately these various values. Even

adjoining farms of an equal number of acres may be very unequal in value.

The statute does not seem to lay down any precise rule, but the Court of Appeals, in the case of *People ex rel. Warren* v. *Carter et al.* (109 N. Y., 576), says: "Without undertaking to define the precise scope of the remedy for disproportionate valuations of property, given by the act of 1880, we think it may be safely said that the petitioner must show a state of facts from which a presumption justly arises, that the inequality of which he complains will subject him to the payment of more than his just proportion of the aggregate tax, and that this presumption is not raised by proof that, in a particular instance, property is assessed at a proportionately lower valuation than his own."

In this case the only evidence to sustain the finding of inequality in the assessment of one lot was that the assessment of one adjoining lot was lower in amount.

It cannot be necessary that every piece of property in a town should be compared with the property upon which the tax is sought to be corrected as that would furnish no safe or proper rule, but it must be of the surrounding property upon the same roll that will furnish a safe test of comparison with the property in question.

In this case many pieces of real estate adjoining and surrounding the relator's property were compared with his valuation, both in regard to farming land and residence property, and they fairly showed a lower assessment than that put upon the relator.

We think the findings of fact made by the court below are fully sustained by the evidence, and that the conclusions of law are correct and the order should be affirmed.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order affirmed, with costs.